# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>  Plaintiff,<br><br>v.<br><br>Target Stores, Inc., d/b/a/ Target Financial Services,<br><br>  Defendant. | No. CV 2006-02331-PHX-FJM<br><br>**SETTLEMENT AGREEMENT** |

## INTRODUCTION

The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") filed its Complaint against Target Stores, Inc., d/b/a Target Financial Services ("Defendant" or "Target") to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (Title VII), the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The EEOC alleged in the Complaint that Target discriminated against Bridget Shores on the basis of race, African-American, by denying her at least three promotions. The Commission also alleged Defendant failed to preserve selection materials in accordance with federal law. Defendant denies the EEOC's allegations. Defendant asserts that it did not discriminate against Ms. Shores on any basis, but that its decisions

1  not to promote her were based upon legitimate nondiscriminatory reasons.  Defendant
2  also denies that it failed to properly maintain records.
3  In the interest of resolving this matter, and as a result of having engaged in
4  comprehensive settlement negotiations, the parties have agreed that this action should be
5  resolved by this Settlement Agreement.  The parties do not object to the jurisdiction of
6  the Court over this action.
7  This Settlement Agreement resolves all claims of the Commission against
8  Defendant, including compensatory and punitive damages, interest and injunctive relief.
9  1.  The parties agree that the Court has jurisdiction over the parties and the
10  subject matter of this Action pursuant to Title VII of the Civil Rights Act of 1964, as
11  amended, 42 U.S. Code § 2000e, et seq.
12  2.  Unless otherwise specified, any reference to Defendant in this
13  Settlement Agreement refers only to Defendant's Target Financial Services location in
14  Tempe, Arizona.
15  3.  This Settlement Agreement and its terms shall not be construed as an
16  admission of liability whatsoever on the part of Target, by whom liability is and always
17  has been denied.  This Agreement is made solely in compromise and settlement of
18  disputed claims.
19  4.  Nothing in this Settlement Agreement, either by inclusion or exclusion,
20  shall be construed to limit the obligations of Target under Title VII or the EEOC's
21  authority to process or litigate any charge of discrimination which may be filed against
22  Target in the future, or Target's ability to defend against such claims.

### MONETARY RELIEF

24  5.  Defendant shall pay the gross sum of $50,000.00 ("Settlement
25  Amount") as full settlement of all of the claims made in this lawsuit, and in consideration
26  of the dismissal of this action and Ms. Shores's execution of a separate waiver and
27  release of claims in a mutually acceptable form.  It is agreed that the funds paid pursuant
28

1  to this Settlement Agreement shall be designated as consideration for the settlement of
2  claims for alleged compensatory damages.
3        6.   Defendant will make appropriate entries in its personnel records to
4  reflect that Ms. Shores's last day employment with Defendant is January 16, 2008.
5        7.   The EEOC shall advise Defendant of the performance evaluations in
6  Ms. Shores's possession within 10 days of the Court's approval of this Agreement.
7  Within 10 days after such notice, Defendant shall provide Ms. Shores copies of all her
8  performance evaluations or appraisals, not already in her possession.
9        8.   Target will compensate Ms. Shores for the premiums that she would
10 incur in connection with the continuation of her medical and dental insurance benefits for
11 180 days beyond January 16, 2008.
12       9.   Defendant will not condition the receipt of individual relief on
13 Ms. Shores's agreement to (a) maintain as confidential the terms of this decree, or
14 (b) waive prospectively her statutory right to file a charge with any federal or state anti
15 discrimination agency.
16       10. Defendant shall pay the settlement amount specified in paragraph 5,
17 above, by January 16, 2008, and in no event prior to January 1, 2008.  Defendant shall
18 mail payment of the settlement amount to Ms. Shores at an address to be provided by the
19 Equal Employment Opportunity Commission.
20       11. Defendant shall issue United States Internal Revenue Service
21 Form 1099 to Ms. Shores for the amounts designated as compensatory damages for the
22 tax year during which payment is made.
23       12. Within five business days of the issuance of the settlement monies,
24 Defendant shall submit copy of the payment to Mary Jo O'Neill, Regional Attorney,
25 Equal Employment Opportunity Commission, 3300 North Central Avenue, Suite 690,
26 Phoenix, Arizona 85012.
27
28

**NOTICE**

13. Within 30 days of the Court's approval of this Settlement Agreement, Defendant shall post the Notice attached hereto as Exhibit A in a prominent place frequented by its employees at its Target Financial Services location in Tempe, Arizona. The Notice shall remain so posted for 12 months. The Notice shall be the same type, style, and size as set forth in Exhibit A.

**OTHER RELIEF**

14. Defendant agrees to carry out policies and practices at its Target Financial Services location in Tempe, Arizona, that help assure a work environment free from race discrimination and to ensure compliance with the record-keeping provision of Title VII, 42 U.S.C. § 2000e-8(c), and 29 C.F.R. § 1602.14 (2000).

15. Defendant's written policies prohibiting race discrimination shall be distributed to each of Defendant's current employees at its Target Financial Services location in Tempe, Arizona, within 90 days of the Court's approval of this Settlement Agreement. These policies shall be distributed to all new employees of Defendant at its Target Financial Services location in Tempe, Arizona, who are hired within the 12-month period after the Court's approval of this Settlement Agreement. These policies also shall be posted in a prominent place frequented by the employees.

16. Defendant shall promptly and appropriately investigate all complaints by its employees of race discrimination that it may receive within the 12-month period after the Court's approval of this Settlement Agreement. The investigation must include a finding of whether the alleged conduct occurred; a credibility assessment, if necessary; interviews of all potential victims and witnesses identified; and concurrent notes of the investigation. Defendant shall take immediate appropriate corrective action to make victims of the unlawful conduct whole, to discipline those who engaged in the unlawful conduct, and to eradicate the unlawful conduct.

17. Defendant shall not retain documents related to the investigation of complaints of race discrimination in any of the complainant's personnel files.

18. Within 90 days after the Court's approval of this Settlement Agreement, Defendant will commence training of the supervisors and managers at its Target Financial Services location in Tempe, Arizona, on race discrimination in promotions, according to the following terms:

    a. Defendant shall retain a consultant/lecturer who shall provide such training.

    b. The consultant/lecturer shall conduct at least one live training seminar that will be videotaped by a qualified videographer. All of Defendant's supervisors and managers currently employed at its Target Financial Services location in Tempe, Arizona, who are involved in promotional interviews and selections shall attend the live seminar or a videotaped showing of the live seminar within 120 days after the Court's approval of this Settlement Agreement. Defendant may use duplicate videotaped seminars to accommodate staffing needs. Defendant shall be responsible for any additional costs to provide such duplicate seminars.

    c. Defendant shall obtain the EEOC's approval of the consultants/lecturers selected by Defendant to provide the training described above. At least 30 days prior to the proposed training seminar, Defendant shall submit the name(s), address(es), telephone number(s) and resume(s) of the proposed consultant/lecturer(s), together with the dates of the proposed training seminar and an outline of the contents of the training, to the Regional Attorney of the Phoenix District Office of the EEOC, at the address provided in paragraph 12, above. The Commission shall have 15 days from the date of receipt of the information described above to accept or reject the proposed consultant/lecturer(s) and/or the contents of the seminar.

    d. The training seminar shall be no less than 90 minutes, including 15 to 30 minutes for questions and answers. All participants shall register when they attend a training seminar. The registry of attendance shall be retained by Defendant for 12 months after the final training seminar.

   e. The seminar shall include the subject of race discrimination. The seminar shall also review and explain Defendant's policies set out in paragraph 14 of this Settlement Agreement.

   f. The Commission shall have the right to view a copy of the videotaped live training seminar.

19. To the extent necessary, Defendant shall expunge from the personnel files of Ms. Shores (a) all references to the charge of discrimination filed against Defendant that formed the basis of this action; and (b) all references to Ms. Shores's participation in this action.

20. Within 10 business days after the Court's approval of this Settlement Agreement, Defendant shall provide Ms. Shores with a mutually agreeable letter of recommendation.

21. During the term of this Agreement, Target shall maintain applicant information pertaining to all promotions at its Target Financial Services location in Tempe, Arizona, that involve discretionary decisions or selections by management, as follows.

   a. Defendant shall retain for 12 months after the date of any such promotion that occurs within the 12-month period after the Court's approval of this Settlement Agreement all materials relating to the recruitment, interview, evaluation, and selection for the position. This includes any job descriptions or postings, recruitment advertisements, interview notes, interview matrices, evaluations letters, offer letters, and rejection letters, to the extent that any such materials or documents were created or generated in the course of any such promotion.

   b. Defendant shall provide written reminders to all managers and supervisors who are involved in the selection for any such promotion to maintain such materials.

### REPORTING BY DEFENDANT AND ACCESS BY EEOC

22. Defendant shall report in writing and in affidavit form to the Regional Attorney of the Commission's Phoenix District Office, at the address provided in paragraph 12, above, the following information:

    a. The name, address, position, social security number, and telephone number of any individual at its Target Financial Services location in Tempe, Arizona, who has brought allegations, whether formal or informal, of race discrimination and/or retaliation for engaging in a protected activity against Defendant's personnel including, but not limited to, management officials and/or non-management employees. The nature of the complaint, investigatory efforts made by Defendant, and corrective action taken, if any, also shall be specified.

    b. The registries of persons attending the training seminars required in paragraph 18 of this Settlement Agreement and a list of current personnel employed by Defendant at its Target Financial Services location in Tempe, Arizona, on the days of the seminar training sessions.

    c. Confirmation that (1) the Notice required in paragraph 13 of this Settlement Agreement was posted, and the locations where it was posted; (2) the policies required in paragraph 14 were distributed to each current and new employee of Defendant, and posted.

23. Defendant shall make one such report six months after the Court's approval of this Settlement Agreement, and another such report 12 months after the Court's approval of this Settlement Agreement.

24. The Commission, upon reasonable notice and agreement, shall have the right to enter and inspect Defendant's Arizona premises and work sites to ensure compliance with this Settlement Agreement.

### PROCEDURES AND REMEDIES FOR NON-COMPLIANCE

25. In the event that the Commission believes that Defendant has failed to comply with any provision(s) of this Settlement Agreement, it shall notify Defendant in writing of the non-compliance by fax and by overnight mail to the counsel who signs this

-7-

Settlement Agreement on Defendant's behalf, or to his or her successor, and afford Defendant 45 days after service of the notice to remedy the non-compliance.

26. If Defendant has not remedied the alleged non-compliance in 45 days after service of notice, the EEOC may petition this Court to enforce the terms of the Settlement Agreement at any time during its duration.

27. In the event the Court finds that Defendant has violated this Settlement Agreement, as evidenced by a final judgment against Defendant, the Court may order reasonable relief to remedy the non-compliance, including attorneys' fees, daily fines, appropriate injunctive relief, and extension of this Settlement Agreement for such period as may be necessary to remedy its non-compliance.

**COSTS AND DURATION**

28. Each Party shall bear its costs and attorney's fees incurred as a result of this action through the filing of this Settlement Agreement.

29. The duration of this Settlement Agreement shall be 12 months from the Court's approval of this Agreement.  This Court shall retain jurisdiction over this action for the duration of the Settlement Agreement, during which the Commission may petition this Court for compliance with this Settlement Agreement.  Should the Court determine that Defendant has not complied with this Settlement Agreement, the Court may order appropriate relief, including extension of this Settlement Agreement for such period as may be necessary to remedy its non-compliance, an award of attorney's fees and costs, and fines for contempt of court.

30. In the event Defendant is in non-compliance with any provision of this Settlement Agreement, and the Commission petitions the Court to order Defendant to comply, Defendant shall pay all attorney's fees and costs incurred by the Commission to enforce the Settlement Agreement, if ordered.

31. Absent extension, this Settlement Agreement shall expire by its own terms at the end of 12 months from the Court's approval without further action by the Parties.

32. The parties hereby stipulate to the dismissal of this action, with prejudice and on the merits, and without any award of damages, fees, or costs to any party.

33. The Parties agree to the Court's approval of this Settlement Agreement.

DATED this 2d day of January, 2008.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: /s/ P. David Lopez (with permission)

    Mary Jo O'Neill
    Regional Attorney
    Sally Shanley
    Supervisory Trial Attorney
    P. David Lopez
    Trial Attorney
    Attorneys for plaintiff

DATED this 7th day of January, 2008.

GALLAGHER & KENNEDY, P.A.

By: /s/ Donald Peder Johnsen

    Attorneys for defendant

**EXHIBIT A**

NOTICE TO ALL EMPLOYEES OF TARGET

Pursuant to an agreement between Target Financial Services and the Equal Employment Opportunity Commission (EEOC), Target has agreed to post this notice.

Federal and state laws prohibit discrimination against employees on the basis of race. It is also unlawful to retaliate against any person because the person protested discriminatory practices or contacted the EEOC or the Arizona Civil Rights Division.

Target will not discriminate against any employee on the basis of race, and will not retaliate against any employee. Neither will Target tolerate its employees, vendors, contractors or other third parties discriminating against its employees on the basis of sex.

If you believe you have been discriminated against at Target, you are encouraged, pursuant to the company's policies prohibiting discrimination, to report to _____ or _____. You also have the right to seek assistance from:

(1)   EEOC, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012, (602) 640-5000; or

(2)   Arizona Civil Rights Division, (ACRD) of the Attorney General's Office, 1275 W. Washington, Phoenix, Arizona, 85007, (602) 255-5263.

No Retaliation Clause. No action may be taken against you by any supervisory or management official of Target for (1) opposing discriminatory practices made unlawful by federal law, (2) filing a charge or assisting or participating in the filing of a charge of discrimination, or (3) assisting or participating in an investigation or proceeding brought under Title VII. Should any such retaliatory actions be taken against you, you should immediately contact the EEOC or ACRD at the address or telephone numbers listed above.

Dated:                                          _____